IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 02-191 |
| v. ) | |
| ) | |
| FRANK E. CHRISTIAN ) | |

**ORDER OF COURT**

In this matter, Defendant entered a plea of guilty to one count of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(iii). He was sentenced on August 1, 2003, to 262 months of imprisonment. Defendant did not appeal.

Before the Court is Defendant's pro se habeas corpus Motion, pursuant to 28 U.S.C. § 2255, as well as his Motion to Appoint Counsel relating thereto.[1] The Government opposes the motion solely on timeliness grounds. Defendant, in turn, argues that the Motion should be considered timely because, inter alia, he instructed counsel to file an appeal relating to alleged sentencing errors, and counsel did not do so. He also contends that he attempted to submit to the Court a letter that was to be construed as a motion pursuant to Section 2255.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which

---

[1] I previously denied the Motion to Appoint Counsel without prejudice, to be considered after the Government's filing. I now revisit the issue. Defendant has also moved for loan of the sentencing transcripts. That Motion will be held in abeyance until after the evidentiary hearing.

inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). An evidentiary hearing on a Section 2255 motion is required unless the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402, 2004 U.S. App. Lexis 5692, at *4 (3d Cir. 2004). Moreover, a habeas petitioner may be entitled to the appointment of counsel if the interests of justice so require. Pineo v. Nicklin, 2007 U.S. Dist. LEXIS 68111 (M.D. Pa. Sept. 14, 2007).

In this case, the record does not demonstrate conclusively that Defendant is not entitled to relief under Section 2255. Therefore, an evidentiary hearing is required with respect to timeliness issues posed by circumstances surrounding Defendant's failure to file an appeal, as well as Defendant's alleged attempt to file a Section 2255 Motion. Additionally, I find that justice requires that Defendant be appointed counsel in connection with that hearing.

AND NOW, this 31st day of October, 2008, upon consideration of Defendant's Motion under 28 U.S.C. 2255 (Docket No. [44]), it is hereby ORDERED, ADJUDGED, and DECREED that an evidentiary hearing shall be held on such Motion, on the 24th of November, 2008, at 11:30 a.m., in the Courtroom of Chief Judge Donetta W. Ambrose, 3rd Floor, United States Courthouse, 700 Grant St., Pittsburgh, PA. The Federal Public Defender or his designee is appointed to represent Defendant in this proceeding. The clerk is directed to send a copy of this Order to the Federal Public Defender.

BY THE COURT:

/s/ Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court