# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2-191 |
| | ) | |
| FRANK CHRISTIAN | ) | |

## OPINION AND ORDER

### SYNOPSIS

Before the Court is Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255, contending that his prior counsel was ineffective for withdrawing, or failing to pursue, a prior Section 2255 Motion. Alternatively, Defendant seeks equitable tolling of the time limitations applicable to Section 255 Motions. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

### OPINION

**I. APPLICABLE STANDARDS**

  **A. 28 U.S.C. § 2255**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). With respect to a claim for ineffective assistance of counsel, a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

### B.   Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). These standards apply to both appellate and trial counsel. Lusick v. Palakovich, 270 Fed. Appx. 108, 110 (3d Cir. 2008).

To meet the first prong, a defendant must first show that counsel's performance fell below "the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. In evaluating the prejudice prong, the pertinent question is whether there is a reasonable probability that, without the errors, the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.   Speculation as to

2

"whether a different . . . strategy might have been more successful" is not enough. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993).

A court need not consider both components of <u>Strickland</u>, if there is an insufficient showing on one component. <u>Strickland</u>, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. <u>Id.</u> at 697.

## II. DEFENDANT'S MOTION

### A. Facts and Procedural History

Although the parties are familiar with the history of this litigation, for both clarity and convenience of reference, I shall recite the operative facts here in their entirety.

Defendant pleaded guilty to violating 21 U.S.C. § 841. He was sentenced on August 1, 2003, to a term of imprisonment of 262 months. The sentence was based, in part, on a career offender enhancement premised on two simple assault convictions. At the time of sentencing, the law in this Circuit, <u>United States v. Dorsey</u>, 174 F.3d 331 (3d Cir. 1999), held that the offense of simple assault qualified as a "crime of violence" for purposes of determining career offender status. Thus, Defendant's career offender status was based, in pertinent part, on <u>Dorsey</u>.

Following sentencing, Defendant received assurances, from his attorney's staff, that counsel was "preparing to file" an appeal. Within ten days, he apprised this Court in writing that he wished to file an appeal, but his letter was returned as undeliverable. No appeal was filed. Then, in September, Defendant was told that he had one year to file a Section 2255 Motion, and that counsel "would file" the motion; again, none was filed. Defendant further asserts that in July, 2004, he sent a letter motion to this Court, which was forwarded to counsel on or about August, 2004. In July, 2007, Defendant wrote to the Court inquiring about the status of his case.

3

The Court apprised Defendant that no Motion appeared on the docket, and forwarded copies of a 2255 Motion along with filing instructions. Then, on March 6, 2008, Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255. The Motion alleged, inter alia, that Defendant had directed counsel to file an appeal, and counsel failed to do so; and that his career offender enhancement was improper.

By Order dated October 31, 2008, I appointed the Federal Public Defender to represent Defendant, and scheduled an evidentiary hearing for November 24, 2008, regarding issues surrounding the timeliness of Defendant's March 6, 2008 Motion. After several postponements at the request of the defense, the hearing took place on April 16, 2009. At the hearing, counsel withdrew the Motion, and proceeded on other grounds to pursue an element of the plea agreement that had been left unattended. At that time, on those other grounds, I resentenced Defendant to a term of imprisonment of 180 months.

Defendant filed a counseled appeal of the resentencing. In that appeal, Defendant sought and received a stay from the Court of Appeals, pending the outcome of proceedings in United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009). The potential outcome of Johnson bore on the continued viability of Dorsey after an intervening Supreme Court decision handed down on April 16, 2008, captioned Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). When Johnson concluded, and effectively overruled Dorsey, the Court of Appeals lifted the present Defendant's stay and denied his Motion to remand to this Court for proceedings based on Johnson. Then, on May 10, 2012, the Court of Appeals affirmed Defendant's resentencing. In so doing, the Court suggested that Defendant might seek habeas relief in this Court based on Johnson.[1] Defendant sought, and was denied, a panel rehearing.

---

[1] On the District Court docket, the incorrect Opinion is attached to the Court of Appeals' mandate. The Court of Appeals' Opinion in this matter may be found on the Court of Appeals for the Third Circuit Docket No. 9-2265. In

4

Subsequently, on December 6, 2012, Defendant filed a counseled petition in this Court pursuant to 28 U.S.C. § 2255, seeking resentencing based on Johnson and Begay. By Order dated March 14, 2013, I found Defendant's December 6 Motion barred both as untimely and as an impermissible second or successive petition. The present pro se Motion for Reconsideration followed, charging that ineffective assistance of appointed counsel caused Defendant to run afoul of the procedural limitations that resulted in the denial of the December 6 Motion. Prior counsel withdrew, and I appointed new counsel to pursue Defendant's habeas contentions.

### A. Counsel's Effectiveness

Presently, Defendant asserts that one year following Begay, it was objectively unreasonable for counsel not to recognize that Dorsey was vulnerable. Further, there was nothing to be gained by withdrawing the Motion, and there was nothing to be lost by preserving that Motion. Thus, he argues, counsel was ineffective when he withdrew the Section 2255 Motion on April 16, 2009.

Counsel's effectiveness must be assessed by reference to the governing law at the time of counsel's challenged conduct. See, e.g., United States v. Reyes, No. 6-654, 2013 U.S. Dist. LEXIS 112386, at *56 (E.D. Pa. Aug. 8, 2013). During the pertinent time – that is, between the announcement of Begay on April 16, 2008 and the withdrawal of Defendant's Motion on April 16, 2009 – it was far from clear that Defendant's Motion was, or ever would be, meritorious.

---

that Opinion, the Court of Appeals suggested that the time limitation imposed by Section 2255 might remain open in this case. United States v. Doe, No. 9-2265, p. 12 fn. 8 (citing United States v. Lloyd, 188 F. 3d 184 (3d Cir. 1999)). Since Lloyd, however, the Supreme Court has determined that the operative date in this context is the one on which the Supreme Court recognized the new right in question, rather than the date that the right is retroactively applied. See Dodd v. United States, 545 U.S. 353, 360, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). 28 U.S.C. § 2255(f)(3) provides that a petition must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made re retroactively applicable on collateral review." Thus, as noted in my March 14, 2013 Order, it is clear that the Court of Appeals' suggestion does not constitute a directive or a holding that Defendant's Motion be deemed timely filed.

Months after Begay, the same attorney now alleged to have been ineffective argued, in another case, that Begay precluded his client's simple assault conviction from constituting a "crime of violence" for sentencing. United States v. Dates, No. 6-83, 2008 U.S. Dist. LEXIS 50267 (W.D. Pa. June 24, 2008). My colleague, Judge Lancaster, rejected that argument on June 24, 2008. Two months thereafter, on August 22, 2008, I rejected a similar argument proffered by the Federal Public Defender's Office, during a sentencing proceeding in a different case. United States v. Johnson, Docket No. CR 8-82.[2] In 2008, the Eastern District of Pennsylvania had likewise rejected the proposition that Begay altered the Dorsey line of cases. United States v. Brice, No. 6-665, 2008 U.S. Dist. LEXIS 95020 (E.D. Pa. Nov. 20, 2008). Indeed, on April 16, 2009 – the date that Defendant's Motion was withdrawn – my sister court in Philadelphia again declined to accept that contention. United States v. Jones, No. 7-614, 2009 U.S. Dist. LEXIS 32402 (E.D. Pa. Apr. 16, 2009).

These district court decisions were consistent with our Court of Appeals' continued endorsement of Dorsey, after Begay was decided. See, e.g., United States v. Wolfe, 301 Fed. Appx. 134, 136-37 (3d Cir. 2008); United States v. Green, 282 Fed. Appx. 200, 202 (3d Cir. 2008). As the Court of Appeals has acknowledged, "[t]he precise implications of ... Begay ... as to reckless conduct were unclear.... It was only [later] that we signaled in United States v. Johnson, ... that, post-Begay, reckless conduct no longer qualified as a crime of violence."[3]

---

[2] The notice of appeal in that case, which resulted in an appellate judgment vacating and remanding the matter for re-sentencing, was filed on August 27, 2008. That was the notice of appeal that ultimately resulted in the demise of Dorsey.

[3] Counsel's argument on appeal of the resentencing in this matter echoes the Court of Appeals' statement:

> Dorsey made it plainly appear as though simple assault is a crime of violence. Begay gave the world cause to wonder if simple assault is a crime of violence, but it did not conclusively resolve that issue, one way or another. …Not until Johnson—where this Court, in light of Begay, vacated its holding in Dorsey and set a new legal standard for a court to employ in determining if a particular simple assault conviction is a crime of violence – was anyone in the world, including [Defendant], capable of knowing that new standard and the rights which flow from it.

6

United States v. Jackson, 495 Fed. Appx. 224, (3d Cir. 2012) (citations omitted). This signal, by way of United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009), did not appear on the horizon until October of 2009.

In other words, well before the time that Defendant's counsel withdrew the Motion, challenges to Dorsey, based on Begay, had been repeatedly rejected within this Circuit. Indeed, such a challenge had been raised before and rejected by the same Judge – myself -- with whom counsel would have been bound to press Defendant's case on April 16, 2009. Such a challenge was not accepted within this Circuit until six months after counsel withdrew the Motion. Thus, the legal landscape on April 16, 2009, strongly suggested that a Begay argument would not succeed. Essentially, therefore, Defendant protests that counsel failed to pursue an objection that had been previously raised and rejected, and failed to predict an eventual change of law at the appellate level. The then-existing legal environment not only undermines Defendant's ability to prevail under the prejudice prong of Strickland, but also diminishes any argument that counsel acted unreasonably.

Indeed, similar ineffective assistance claims have been rejected. See, e.g., United States v. Johnson, No. 7-75, 2013 U.S. Dist. LEXIS 119932 (E.D. Pa. Aug. 23, 2013); United States v. Jackson, No. 3-642, 2010 U.S. Dist. LEXIS 40917 (E.D. Pa. April 27, 2010). In Johnson, after the Court of Appeals determined that defendant's simple assault was not a crime of violence for sentencing purposes, defendant filed a Section 2255 motion in the sentencing court. He contended that his counsel had been ineffective for failing to argue that he was not a career offender. In assessing the habeas petition, the court stated as follows:

> This court originally determined that [defendant] was a career offender based on an aggravated assault conviction and a simple assault conviction. [Defendant] disputed the characterization of the simple assault conviction as a

7

crime of violence, but our Court of Appeals had previously concluded that a Pennsylvania simple assault qualified as a crime of violence in <u>United States v. Dorsey</u>. Thus, under the law in the Third Circuit as it stood at the time of [defendant]'s trial and sentencing, he was a career offender. However, as noted above, <u>United States v. Begay</u>, which was decided after [defendant]'s sentencing, established a new framework for identifying a crime of violence, and our Court of …Appeals vacated [defendant]'s sentence and remanded for re-sentencing based on this intervening change in the law. Accordingly, [defendant]'s claim that his counsel was ineffective in failing to argue that [defendant] was not a career offender is without merit because such an argument would have been futile at the time.

<u>Johnson</u>, 2013 U.S. Dist. LEXIS 119932, at *12 (citations omitted).

Moreover, in this context, the fact that Defendant wanted counsel to pursue his March 6 Motion, rather than withdrawing it, does not alter these conclusions. "An attorney is not required to raise issues solely because they are urged to do so by their client. The 'process of "winnowing out weaker arguments and focusing on" those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective …advocacy." <u>Gardner v. United States</u>, No. 5-86, 2013 U.S. Dist. LEXIS 100692, at **17-18 (W.D. Pa. 2013). It was reasonable for counsel to pursue a more certain route toward favorable resentencing, and abandon a motion plagued by potential substantive and procedural defects. This is so, even assuming both that trial counsel had been ineffective in failing to file an appeal and a habeas petition, and that Defendant's March 6, 2008 <u>pro se</u> Motion would have been accepted as timely.[4] I note, too, that almost immediately after a clear and advantageous change in the law, counsel diligently and capably

---

[4]In addition to resting on insecure legal grounds, it is not clear that Defendant's March 6 Motion, if left extant, would have been adjudged timely after the years-long delay in its filing. Our Court of Appeals has differentiated for tolling purposes between a defendant who is misled by what counsel says he "has done" as opposed to what an attorney says he "would do." See <u>Stromberg v. Varano</u>, No. 9-401, 2012 U.S. Dist. LEXIS 95877, at *14 (E.D. Pa. July 11, 2012). In any event, there is no suggestion that counsel withdrew the Motion because he deemed it untimely. Instead, as Defendant asserts in his affidavit, on April 16, 2009, counsel expressly declined to argue <u>Begay</u>, because <u>Dorsey</u> remained viable at the time. Thus, whether Defendant's March 6 Motion might have been deemed timely – and the reasons for its untimeliness -- have no bearing on an assessment of counsel's decision to withdraw same.

8

attempted to bring the new rules to bear on Defendant's behalf at both the appellate and district court levels.[5]

In sum, as aptly stated in Jackson, "Even assuming arguendo that [defendant], if sentenced today, has a meritorious argument that his simple assault conviction does not qualify as a 'crime of violence,' his counsel at sentencing did not render constitutionally ineffective assistance by failing to raise an argument that flew in the face of existing precedent and could only arguably find support in subsequent case law; rather, such a decision falls within the 'wide range of professionally competent assistance' required by the Sixth Amendment…." Jackson, 2010 U.S. Dist. LEXIS 40917, at **17-18.  Under all of the circumstances, I cannot find that counsel's acts and omissions were ineffective within the meaning of applicable standards.  See, e.g., United States v. Fields, 565 F. 3d 290, 298 (5th Cir. 2009).

### B.  Equitable Tolling

Next, Defendant asserts that the one-year time limitation set forth in the AEDPA should be equitably tolled in this case, and his March 6, 2008 Motion reinstated, or the present Motion considered.

> Equitable tolling  may only be found when: (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum.

United States v. Boyd, 2009 U.S. Dist. LEXIS 4356, 6-7 (W.D. Pa. Jan. 20, 2009).

To invoke equitable tolling, in addition to showing "extraordinary circumstances" that prevented a timely motion, a defendant must show that he exercised reasonable diligence in

---

[5] In so doing, counsel not only raised Johnson, but also Narvaez v. United States, 674 F. 3d 621 (7th Cir. 2011).  I note that Narvaez  has since been limited to the mandatory sentencing context in which it arose.  Hawkins v. United States, 706 F. 3d 820 (7th Cir. 2013).   As the Seventh Circuit stated in Hawkins, "Precedential decisions come pouring out of the federal courts of appeals and the Supreme Court. If every precedential decision interpreting the guidelines favorably to a prisoner were a ticket to being resentenced, the Justice Department and the courts might be forced 'continually . . . to marshal resources in order to keep in prison defendants whose trials and appeals [and sentences] conformed to then-existing constitutional [and statutory] standards.'"  Id. at 824 (brackets in original).

investigating and bringing his claims. Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998). Equitable tolling is a remedy which should be invoked sparingly. United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). It "is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).

In this case, Defendant contends that since his 2003 sentencing, he attempted to assert his rights by appeal and Section 2255, but trial counsel failed to take action, despite his assistant's assurances that it was being handled. Thus, Defendant ultimately filed his own pro se Motion on March 6, 2008. Defendant contends that counsel's conduct in withdrawing the Motion justifies equitable tolling. I have found, even assuming that the March 6 Motion was deemed timely, that counsel was not ineffective in withdrawing that Motion. In any event, attorney error alone is not adequate grounds for equitable tolling. Hopkins v. Diguglielmo, No. 7-2282, 2009 U.S. Dist. LEXIS 56904, at **17-18 (M.D. Pa. July 6, 2009). Counsel's conduct does not warrant equitable tolling, either with respect to Defendant's present or earlier habeas petitions.

## CONCLUSION

In conclusion, counsel's conduct was not constitutionally ineffective within the meaning of applicable standards. As a result my March 14, 2013 decision stands, and this Court will not entertain a time-barred or second 2255 Motion. Lest Defendant feel unfairly victimized by the various limitations of the AEDPA, it is important to note that they are not mere technicalities. Instead, they were enacted in an effort to curb the abuse of habeas procedure, while at the same time preserving ample opportunity for defendants to seek relief. Kapral v. United States, 166 F.3d 565, 571 (3rd Cir. 1999). Moreover, I remain cognizant of the principles underlying the Strickland analysis: it is intended to remedy a situation in which "counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Shotts v. Wetzel, No. 11-3670, 2013 U.S. App. LEXIS 15633, at *26 (3d Cir. 2013). This, emphatically, was not the situation here.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### ORDER

AND NOW, this 3rd day of October, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion [89] is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court