IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| | ) | CR No. 2-191 |
| v. | ) | |

FRANK CHRISTIAN

**OPINION AND ORDER**

**SYNOPSIS**

The Court of Appeals for the Third Circuit observed that this case had become like a jigsaw puzzle, though not planned as such. An equally apt sentiment, at this juncture, is attributed to Plato: "Then we got into a labyrinth, and, when we thought we were at the end, came out again at the beginning, having still to see as much as ever." Thus, we proceed to wend our way back in.

**OPINION**

**I.  HISTORY IN THIS COURT**

To clarify the issues presently at stake, and for ease of reference to pertinent dates and events, I will once again recite the history of this matter.[1]

In 2003, Defendant pleaded guilty to violating 21 U.S.C. § 841. He was sentenced in August, 2003, to a term of imprisonment of 262 months, followed by an eight-year term of supervised release. The sentence was, in part, based on a career offender enhancement premised on two simple assault convictions, in accordance with United States v. Dorsey, 174 F. 3d 331 (3d Cir. 1999). On March 6, 2008, Defendant filed a pro se Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 (the "2008 Motion"), asserting that counsel was ineffective for failing to

---

[1] For further ease of reference, selected relevant dates are set forth in chart format, and attached as an Appendix to this Opinion.

object to improper enhancements, and that his career offender enhancement was improper. The Government opposed that Motion as untimely. I scheduled an evidentiary hearing and appointed counsel for Defendant. At the hearing, which ultimately occurred on April 16, 2009, counsel withdrew the 2008 Motion. At the hearing, the parties addressed other grounds for resentencing, and Defendant was resentenced on those other grounds. That day marked the one-year anniversary of Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), and consequently the expiration of the one-year time limitation for raising a Section 2255 claim based on that case.

Defendant appealed the resentencing, and sought and received from the United States Court of Appeals for the Third Circuit a stay pending the outcome of United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009). Johnson bore on the continued viability of Dorsey after the Supreme Court's April 16, 2008 decision in Begay. In turn, the continued viability of Dorsey would impact whether simple assault qualified as a "crime of violence" for the purposes of career offender sentencing enhancements.

The Court of Appeals decided Johnson in November, 2009, effectively overruling Dorsey. The Court of Appeals then lifted the stay in Defendant's case. In its Opinion, it affirmed Defendant's conviction and sentence; denied his motion to remand for resentencing based on Johnson;[2] and suggested that he might seek habeas relief in this Court based on Johnson. United States v. Doe, No. 9-2265 (May 10, 2012). On December 6, 2012, Defendant filed in this Court a counseled Motion to Vacate pursuant to Section 2255 (the "2012 Motion"), arguing that Johnson and Begay justified resentencing. I denied the Motion by Order dated March 14, 2013. United States v. Christian, No. 2-191, 2013 U.S. Dist. LEXIS 35156 (W.D. Pa.

---

[2] The Court of Appeals denied the motion to remand on grounds that the procedural basis for resentencing did not allow Defendant to challenge its validity.

2

Mar. 14, 2013). In doing so, I concluded that the Motion was barred by the applicable one-year statute of limitations. Secondarily, I addressed the Government's contention that the withdrawn 2008 Motion "counted" as a first petition, for purposes of the ban on second or successive petitions. I concluded that it did, and that the 2012 Motion must be denied on those additional grounds.[3]

Then, on April 17, 2013, Defendant filed a pro se Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). In that Motion, Defendant asserted that counsel had advised him that due to Dorsey, his career offender argument was without merit. He further asserted that counsel's misrepresentation of the argument's merit precluded him from asserting Begay within the one-year limitations period, and sought equitable tolling on that basis. Allegedly ineffective counsel withdrew, and I appointed new counsel to pursue Defendant's allegations that prior counsel had been ineffective with regard to Begay and the 2008 Motion, and to address the substance of the Begay-based argument.[4]

Accordingly, on August 7, 2013, Defendant filed a counseled supplemental Motion to Vacate pursuant to Section 2255, in connection with the earlier pro se Motion for

---

[3] The Court of Appeals stated that when assessing that issue, I should have addressed "why the 2008 motion was withdrawn, not …whether it was a legitimate strategic choice." Doe, 810 F. 3d at 148. In this matter, these two questions seamlessly intersected. In harmony with the Court of Appeals' statement, my March 14 Order indicated that "the reason for which a defendant withdraws his petition governs the analysis of whether the petition counts as the first…." Christian, 2013 U.S. Dist. LEXIS 35156, at *11. Hence, I addressed why the 2008 motion was withdrawn, the answer being that counsel withdrew the motion in favor of a more certain route to favorable resentencing. Id. at **11-13. In this case, in other words, a strategic choice provided the sole answer to the question "why." In addition to considering why the motion had been withdrawn, I also explicitly considered "all of the circumstances" surrounding the petition. Id. at **12-13.

[4] Defendant's pro se Motion for Reconsideration was premised on the effectiveness of counsel with respect to the 2008 Motion, Begay, and Johnson. Accordingly, I appointed counsel and directed counsel to address "ineffective assistance of counsel, as it relates to the grounds for denial of Defendant's Motion via this Court's March 14 Order; and also the substance of Defendant's challenge based on Begay…and Johnson…" May 10, 2013 Order (full case names and citations omitted). In so doing, I also encouraged the parties to submit Shepard materials. Id. The Order neither explicitly nor implicitly delineated or limited the procedural vehicle by which counsel could or should address those issues, or precluded counsel from raising Rule 60 as grounds for relief should counsel have been inclined to do so.

3

Reconsideration. In the supplemental filing, Defendant argued that prior counsel was ineffective in failing to keep abreast of Begay challenges, and in otherwise failing to preserve Defendant's Begay claim.[5] On those grounds, he sought resentencing, or to revive either his 2008 Motion or 2012 Motion. Specifically, Defendant's supplemental brief contended that because of the alleged ineffectiveness, either the 2008 Motion should be reinstated, or the statute of limitations equitably tolled on the 2012 Motion. By Order dated October 3, 2013, I denied Defendant's requests for relief. United States v. Christian, No. 2-191, 2013 U.S. Dist. LEXIS 142924 (W.D. Pa. Oct. 3, 2013). Because Defendant's submissions presented the matter solely through the lens of counsel's ineffectiveness in withdrawing the 2008 Motion and failing to pursue Begay, I considered the matter solely through that lens. In so doing, I considered the pertinent legal landscape at the time of prior counsel's allegedly ineffective conduct. Based on then-existing law, I concluded that prior counsel was not ineffective when he withdrew the Motion, and failed to prophesy a future change in the law. Finally, I rejected Defendant's contention that the one-year limitation period should be equitably tolled.[6]

---

[5] The Court of Appeals stated that "counsel's ineffectiveness has never been particularly relevant in this case." 801 F. 3d at 151 n. 10. This is so, as it has been definitively determined that counsel was not ineffective. Previously, however, both Defendant's pro se and counseled motions made counsel's effectiveness of direct and immediate relevance by explicitly placing that issue before this Court for decision.

[6] As the Court of Appeals notes, I concluded that counsel's conduct did not provide grounds for equitable tolling. Lest future litigants misread that conclusion, I clarify that I neither held nor indicated that tolling is necessarily or per se inappropriate if counsel was not ineffective. In my Opinion, I unambiguously recited both prongs of the standard to which the Court of Appeals points as correct: a standard requiring a defendant to show both that he diligently pursued his rights and that "extraordinary circumstances" prevented him from doing so. Christian, 2013 U.S. Dist. LEXIS 142924, at *17. I then considered counsel's conduct against that standard. Id. at *10. Clearly, counsel's effectiveness is but one consideration in an equitable tolling analysis. It happens, however, that it was the sole "extraordinary circumstance" raised by the defense in this case. Id. Because Defendant's tolling argument failed at the "extraordinary circumstances" prong, it was unnecessary to reach the question of Defendant's diligence. As a result, I reached the same conclusion as did the Court of Appeals on review – i.e., that counsel's conduct did not constitute an extraordinary circumstance, and thus equitable tolling was not justified. In the words of the Court of Appeals, counsel's conduct, if deemed a mistake, was "just the sort of ordinary mistake that courts have held insufficient for equitable tolling." Doe, 810 F. 3d at 151.

4

## II.     DEFENDANT'S APPEAL

Subsequently, as described by the Court of Appeals, Defendant appealed the denials of both the 2012 Motion and the "request made in 2013 to reopen" the 2008 Motion. United States v. Doe, 810 F. 3d 132, 138 (3d Cir. 2015). [7] The Court of Appeals granted Defendant a certificate of appealability "on whether the District Court properly ruled that (1) his 2012 motion was his second, (2) he was not entitled to equitable tolling on his 2012 motion, and (3) he was not entitled to reinstate his 2008 motion." Id. at 148. By Opinion dated December 9, 2015, the Court of Appeals vacated the denial of Defendant's request to reinstate his 2008 Motion, which presumably was implicit in this Court's Order denying him Section 2255 relief, and remanded the matter for consideration of all of the relevant factors. Id. at 153, 161.

Before embarking on the applicable analysis, it is worthwhile to clarify what the Court of Appeals' decision left, and did not leave, at issue on remand. All of the Court of Appeals' substantive conclusions are in accord with those reached by this Court. For example, the Court of Appeals decided that had the 2012 Motion been Defendant's first, it would have been untimely under the one-year statute of limitations period, and that the statute of limitations should not be tolled. Id. at 150. In addition, the Court of Appeals observed that Defendant's initial habeas counsel "was not negligent at all," and, assuming that the failure to anticipate changes in the law could be deemed a mistake, that "mistake" did not justify equitable tolling. Id. at 151. In sum, the Court of Appeals noted that Defendant had "no legitimate Strickland claim." Id. at 151 n. 10. Moreover, the Court of Appeals also addressed the state of the law in 2008, noting that "[w]hen [Defendant] first raised this [career offender] claim, our case law labeled it a loser," but that the claim gained strength after Begay. Id. at 142. In sum, both this

---

[7] An earlier Opinion, United States v. Doe, 806 F. 3d 732 (3d Cir. 2015), was vacated. United States v. Doe, 808 F. 3d 221 (3d Cir. 2015).

5

Court and the Court of Appeals have concluded that defense counsel was not, at any pertinent point, constitutionally ineffective; that Defendant's career offender argument was meritless at the time that it was initially raised; and that Defendant's 2012 Motion, even if considered his first, was time-barred.

Nonetheless, the Court of Appeals opined that I should have taken the following steps: 1) sua sponte treated as a Rule 60 motion Defendant's request, which appeared within his counseled brief in support of his August 7, 2013 supplemental Motion to Vacate, to reinstate his 2008 Motion;[8] 2) asked whether that Rule 60 Motion was a disguised second or successive Section 2255 Motion, and 3) if it was not so disguised, asked whether extraordinary circumstances justified relief. Id. at 151. Following remand, I directed the parties to brief these issues, as well as the next step if Defendant were to obtain Rule 60 relief.

After those issues were fully briefed, Defendant requested and was granted leave to amend his Section 2255 Motion to raise an argument pursuant to Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) ("Johnson (U.S.)").[9] Although an amended motion typically supplants a previous filing, given the procedural posture of this case and the lack of a clear statement of Defendant's intent to abandon his Rule 60 arguments, it would be inappropriate to disregard the Court of Appeals' instructions on remand, and consider only Defendant's argument under Johnson (U.S.). Accordingly, I will address both Defendant's Rule 60 and Section 2255 contentions.

---

[8] Generally speaking, courts consider requests for relief that are properly made by motion, as opposed to by brief. See Collier v. Nat'l Penn Bank, No. 12-3881, 2013 U.S. Dist. LEXIS 185043 (E.D. Pa. Mar. 28, 2013) (citing Fed. R. Civ. P. 7). Moreover, I again note that Defendant addressed Rule 60 for the first time in this lengthy proceeding in a supplemental brief to the Court of Appeals, at the behest of the Court of Appeals. I remain unaware of any authority, predating the present remand, requiring a district court to sua sponte treat a counseled Section 2255 motion as having been made under Rule 60.

[9] Because both United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009) and Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) are discussed in today's Opinion, the former will be referred to as Johnson, and the latter as "Johnson (U.S.)."

### III. RULE 60

#### A. Rule 60(b) Standards

As directed, I will treat Defendant's request as though it had been made under Fed. R. Civ. P. 60(b)(6). That rule permits a party relief from any final judgment, order, or proceeding for "any...reason that justifies relief." A "movant under Rule 60(b) bears a heavy burden," and Rule 60(b) motions are deemed to request "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Oat v. Sewer Enters., 584 F. App'x 36, 41 (3d Cir. 2014). Accordingly, our Court of Appeals has warned that "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014). "[C]ourts must heed the Supreme Court's observation…that Rule 60(b)(6) relief in the habeas context…will be rare." Id. at 125. Consistent with these principles, as our Court of Appeals noted in this case, "a change in the law 'without more' is an inadequate basis for Rule 60 relief." Doe, 806 F. 3d at 750. It is for this Court to determine if that something "more" – indeed, "much more"-- exists. Id. Against these standards, I am mindful, too, that Rule 60(b) should be liberally construed in order to do justice. Lasky v. Continental Products Corp., 804 F.2d 250 (3d Cir. 1986).

#### B. Second or Successive Petition

I must consider whether Defendant's Rule 60 argument, albeit plainly labeled and brought as a Section 2255 petition, is a disguised Section 2255 petition. When a Rule 60 motion asserts that "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim . . . [,] such a pleading, although labeled a Rule 60(b) motion, is in

7

substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).[10] "Motions properly brought under Rule 60(b) generally attack the integrity of the federal habeas proceedings, whereas motions that present 'claims . . . constitut[ing], in effect, new requests for relief on the merits' are viewed as disguised second or successive habeas corpus petitions." Cunningham v. Davis, 614 F. App'x 922, 923-24 (9th Cir. 2015). Generally speaking, therefore, petitions raising newly available claims based on new rules of constitutional law are considered successive petitions. See, e.g., United States v. Claycomb, 577 F. App'x 804 (10th Cir. 2014); Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009). Indeed, the "AEDPA was specifically designed to protect against prisoners 'repeatedly [attacking] the validity of their convictions and sentences' as 'the legal landscape shifts.'" Leal Garcia, 573 F. 3d at 221-22. However, a Rule 60(b) Motion might not be considered a second or successive habeas petition if it asserts that a previous ruling, which precluded a merits determination, was in error. See Norris v. Brooks, 794 F. 3d 401, 403 n. 2 (3d Cir. 2015); In re Garcia, No. 13-2986, 2013 U.S. App. LEXIS 26139 (3d Cir. 2013).[11]

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.
>
> Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

---

[10] Although Gonzalez and its progeny considered Section 2254 petitions, the principles enunciated there are instructive in this context. See Yi Chen v. United States, No. 3-734, 2016 U.S. Dist. LEXIS 16364, at *25 (S.D.N.Y. Feb. 3, 2016).

[11] Both Leal Garcia and Claycomb addressed petitions raising a new rule of constitutional law, a situation specifically addressed in Section 2255(h).

A Rule 60(b) Motion in this context is not a "true" Rule 60 motion if the movant is "'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.'" Taylor v. Wetzel, No. 4-553, 2014 U.S. Dist. LEXIS 146782, at **17-18 (M.D. Pa. Oct. 15, 2014) (quoting Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir. 2005)). As our Court of Appeals has stated in a different context, a petition that "seeks to advance one or more substantive claims attacking [an] armed career criminal sentence… qualifies as second or successive section 2255 motion." In re Adderly, 522 F. App'x 151, 153 (3d Cir. Pa. 2013).

The Court of Appeals for the Fourth Circuit has elucidated the distinction between a Rule 60 motion and a collateral attack as follows:

> There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, … new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings.

United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Gonzalez suggests that if a Rule 60(b) motion is "similar enough" to a habeas petition, it would be inconsistent to fail to subject it to the same requirements.[12] Gonzalez, 545 U.S. at 530. According to those requirements, a second or successive motion is impermissible, unless certified by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h).

---

[12] I take care not to conflate the standard for entitlement to relief under Rule 60(b)(6) with the standard for determining whether a Rule 60(b) motion is a disguised Section 2255 Motion. The "without more" analysis, as set forth in Cox v. Horn, 757 F. 3d 113, 124 (3d Cir. 2014), refers to the principle that a change in the law, without more, might not justify Rule 60(b)(6) relief. A separate and distinct issue, as addressed in Gonzalez, is whether the Rule 60(b) motion should be barred as a second or successive petition under Section 2255(h). Cf. Doe, 810 F. 3d at 151-52.

9

As our Court of Appeals indicated, the question here is a close one. Moreover, that question is complicated by the atypical posture in which this case sits. On the one hand, the Rule 60(b) request seeks to reinstate an earlier, "first" petition – and therefore to reassert the arguments raised "first" therein. Although Defendant's 2008 Motion did not raise a Begay claim per se (Begay, of course, did not yet exist), it did assert that "the court improperly used two 'misdemeanor simple assaults' as 'violent felony's [sic]' for purposes of career criminal enhancement." Arguably, therefore, it would be odd to construct the present Motion as an independent second petition, when it seeks merely to reinstate a first. At its foundation, however, the present Rule 60(b) request seeks an avenue to allow a timely attack on the validity of a sentence due to a change in the law – Begay and its progeny – that was not and could not have been raised in the petition sought to be revived, and which was properly denied as untimely when it was expressly raised in 2012.[13]

Accordingly, the series of events that brings us to this point, and the challenge to those events, simply cannot be characterized as encompassing a defect in the integrity of the habeas proceeding. Indeed, the present request identifies no defect in the proceeding itself, and none are now at issue. Instead, its kernel is an attack on Defendant's career offender status, and a request for resentencing, based on a changed legal landscape and new legal argument. The scenario before us, in a certain sense, involves attacks on both the manner in which the earlier habeas judgment was procured, and the underlying conviction and sentence. I am inclined to find that Defendant's request is more accurately viewed as an impermissible second or

---

[13] I note that motions that allege a prior ruling that prevented a merits determination might be brought under Rule 60, rather than Section 2255. See Pizzuto v. Ramirez, 783 F.3d 1171, 1176 (9th Cir. 2015). In this case, my disposition of Defendant's contention that counsel was not ineffective in withdrawing the 2008 Motion precluded a merits ruling on Defendant's challenge to his career offender status. That challenge, however, was meritless at the time of the 2008 Motion, and the Court of Appeals has confirmed both that counsel was not constitutionally inadequate and that equitable tolling was not justified. Defendant does not now attack the rulings that prevented the merits decision.

successive petition.[14] Nonetheless, even if the Motion can be seen as straddling both habeas and "true" Rule 60 relief and it were viewed as the latter, Defendant's cause fails at the next inquiry.

### C. Extraordinary Circumstances

I will assume, for purposes of going forward, that Defendant's request is a true Rule 60 Motion, and not a second or successive habeas petition. A Rule 60(b) motion cannot prevail in the absence of extraordinary circumstances. See Gonzalez, 545 U.S. at 58. "Extraordinary circumstances" refers to "those unusual and extreme situations where principles of equity mandate relief," but are not addressed by the first five numbered clauses of Rule 60(b). Guy v. Lexington-Fayette Urban Cnty. Gov't, 624 F. App'x 922, 931 (6th Cir. 2015). Accordingly, I must examine whether extraordinary circumstances justify granting Rule 60(b)(6) relief.

In assessing this question, courts are to apply a "flexible, multifactor approach. . . that takes into account all the particulars of [Defendant's] case." Doe, 806 F. 3d at 751. A movant's particular situation, therefore, is "vitally important." Sec'y of Labor v. Kaposy, 607 F. App'x 230, 231 (3d Cir. 2015). I also consider that the Rule should be liberally construed; that a final judgment should not be lightly disturbed; whether there are intervening equities that make relief inequitable; and any other factor relevant to the justice of the order under attack. Id. at 231. The Court of Appeals has identified several pertinent factors in the matter at bar: the change in the law from Dorsey to Johnson within this Circuit; Defendant's diligence in pursuing his rights; the merits of his underlying claim; and the time elapsed between 2008 and the emergence of the Rule 60 question. Doe, 806 F. 3d at 751-52. Also relevant are the merits of a defendant's

---

[14] Moreover, Defendant's Amended Motion does not alter that conclusion; instead, courts within this Circuit have considered a Johnson (U.S.) claim as falling within Section 2255(h)(2), and thus requiring certification by the Court of Appeals. See, e.g., United States v. Camacho-Villarreal, 2016 U.S. Dist. LEXIS 148805 (M.D. Pa. Oct. 27, 2016).

11

underlying ineffective assistance claim. Cox v. Horn, 757 F. 3d 113, 124 (3d Cir. 2014). Again, there must be "much 'more'" than a "concededly important change of law" to warrant relief. Cox, 757 F. 3d at 115. "[C]ourts must heed the Supreme Court's observation…that Rule 60(b)(6) relief in the habeas context…will be rare." Id. at 125.

As instructed, I consider all relevant factors, and Defendant's particular situation. The Court of Appeals found that Defendant diligently pursued his rights. Further, his 2008 argument that his assault convictions were improper bases for a sentencing enhancement, while prescient in retrospect, was meritless at the time it was made. A change in the law – itself, not extraordinary – that post-hoc bestows the argument with merit. Moreover, I consider that Defendant was sentenced well over a decade ago. Although the time lapse is not necessarily unreasonable and is not attributable to Defendant's conduct, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." Cox, 757 F. 3d at 125. In addition, the underlying judgment was not unjust when made, as Defendant's sentence was lawful at the time; and the validity or fairness of other conclusions reached in this proceeding, such as those regarding the adequacy of counsel and applicability of time bars, are not now in question.

Further, Defendant has asserted that his counsel's interpretation of and representation regarding Dorsey (which was, at the time, neither inaccurate nor the result of ineffective assistance) precluded him from pursuing his claim. For present purposes, I credit his assertion that he openly disagreed with counsel's withdrawing the 2008 Motion, and continuously wished to challenge his career offender status. Defendant managed to press his challenge pro se in April, 2013, while represented by counsel, approximately five years after the 2008 Motion was withdrawn. Again, the claim that Defendant did not want to withdraw was, by all accounts, "a

loser" at the time; there is no dispute that counsel was correct in so informing him. These facts do not nullify the conclusion that Defendant diligently pursued his rights, particularly given that Defendant had other matters pending in the Courts during that time period; nonetheless, all circumstances must be taken into account. Finally, as previously and thoroughly discussed by both this Court and the Court of Appeals, Defendant was not deprived of his right to effective counsel at any time during this proceeding. There has been no suggestion that he was deprived of his right to seek judicial redress or otherwise to be heard, and no suggestion of error in the substantive findings that resulted in the denial of his earlier Motions.

As our Court of Appeals has indicated, Rule 60(b)(6) relief cannot depend merely on whether a situation is "unjust, inequitable, unfair, and a gross miscarriage of justice," or represents "manifest injustice"; instead, an extraordinary or "special" circumstance must be present. Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1347 (3d Cir. 1987). Here, Defendant was properly sentenced according to the law as it existed at the time of sentencing. He then raised a meritless career offender argument, which appeared to remain meritless for the next 622 days until Johnson appeared, during which time the statutory period to raise Begay expired. At critical junctures, Defendant was adequately represented by competent counsel, who zealously advocated on his behalf within the bounds of then-extant law. Let us assume, had the blocks of this case stacked up in a different chronological sequence, that Defendant would not have been sentenced as a career offender. Here, the accident of timing leaves an impression of injustice, inequity, and unfairness.

Nevertheless, Defendant's situation is not "extraordinary" – that is, it is not very unusual, bizarre, exceptional, unexpected, or shocking. Like Defendant, countless petitioners over time and across the federal system have faced substantive and procedural barriers when raising

challenges of late-blooming legitimacy. Indeed, in addition to those defendants whose timely Begay arguments failed pre-Johnson, case law tells of others who filed for relief, after Johnson, but too late to reap the benefits of Begay. See, e.g., United States v. Bledsoe, No. 5-370, 2013 U.S. Dist. LEXIS 136063 (W.D. Pa. Sept. 24, 2013) (post-Johnson); United States v. Brown, No. 7-198, 2012 U.S. Dist. LEXIS 67663 (E.D. Pa. May 14, 2012) (post-Johnson); United States v. Jones, No. 7-614, 2009 U.S. Dist. LEXIS 32402 (E.D. Pa. Apr. 16, 2009) (pre-Johnson).

Legal scholars describe the slow, incremental progress of the law as advantageous, as it suggests a foundation of reason rather than sentiment or passion. As an inevitable if profoundly unfortunate consequence of this lingering pace, there are many whose punishments, deemed just and lawful at the time of imposition, are unwarranted or excessive only in hindsight. This case is atypical – but yet, not quite extraordinary even then -- only in its labyrinthine procedural history and the remarkable chance timing of determinative events. The machinations that would be required to afford Defendant Rule 60 relief, however, would be extraordinary indeed.

In sum, I have considered the totality of the circumstances under Rule 60(b)(6), including those factors explicitly identified by our Court of Appeals. Having done so, I find that no extraordinary circumstances justify relief. Even liberal construction cannot move forward wholly unfettered by the bounds of precedent.

## IV. SECTION 2255

And now, to the final piece of the jigsaw puzzle. Defendant's Amended Motion sets forth an argument under Johnson (U.S.), pursuant to Section 2255. Neither the Court of Appeals' decision nor any other part of the record provides reason to conclude that Defendant's 2012 Motion, whether a successive petition or merely an untimely one, does not count as a Section 2255 Motion. Thus, Defendant's new contention requires certification from the Court of

14

Appeals pursuant to Section 2255(h).  While it borders on the absurd to erect yet another hurdle in Defendant's quest for redress, I am not at liberty to circumvent this jurisdictional requirement.  E.g., United States v. Strausbaugh, No. 15-3557, 2016 U.S. App. LEXIS 6037, at **3-4 n. 2 (3d Cir. Apr. 1, 2016).  Accordingly, Defendant's Amended Motion will be denied, without prejudice to Defendant to reinstate the Amended Motion, pending appropriate certification from the Court of Appeals.   Should Defendant receive certification, Defendant may merely move to reinstate his brief or incorporate it by reference into another filing, rather than resubmitting the brief in its entirety.  In the event of certification, as the Government has not submitted a Beckles brief as of today's date, it shall be given the opportunity to do so.  Nothing in today's Opinion and Order shall be deemed to affect the timeliness of Defendant's Amended Motion or any argument pursuant to Johnson (U.S.) contained therein, should Defendant pursue same.[15]

## CONCLUSION

Rule 60(b)(6) provides a court with "equitable power to do justice in a particular case." Doe, 806 F. 3d at 751.  The ideals of equity and justice overlap, as they both denote evenhandedness, fairness, and impartiality.  The concept of justice, however, also encompasses "the conformity of our actions and our will to the law."   Black's Law Dictionary (2d ed.). Defendant may be fairly described as a casualty of conformance to the law, as he was sentenced according to then-existing law, and his earlier contentions were rejected based on that law, and then the law changed.  Such casualties cannot go entirely unheeded, but it is unavoidable that courts will not always have at their disposal any justifiable, valid means of reaching backward and taking rectifying action.  While the result in this particular case might be distasteful in many respects, it cannot be said that Defendant has been denied justice.

---

[15] This Court expresses no opinion regarding the availability to Defendant of any avenue of attack other than Rule 60(b)(6), or the propriety of Defendant raising other grounds for relief, in addition to or instead of Johnson (U.S.), should he seek certification from the Court of Appeals.

15

> A procedural system which permits an endless repetition of inquiry into facts and law in a vain search for ultimate certitude implies a lack of confidence about the possibilities of justice that cannot but war with the effectiveness of underlying substantive commands…There comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern but merely anxiety ….

McCleskey v. Zant, 499 U.S. 467, 491, 111 S.Ct. 1454, 11 L. Ed. 517 (1991) (superseded on other grounds) (quoting Bator, 76 Harv. L. Rev. 452-5).

That we may have reached such a point in this case does not render the proceeding an empty shell. The obstacles that Defendant has faced arose in the form of longstanding case law, valid at the time of its application, and congressional mandates. Those obstacles neither signal nor result from compromised integrity or valuing form over substance; instead, the mechanisms implicated, along with the slow process of their demise, are integral to an effective and well-ordered system of justice. Defendant, as well as a phalanx of lawyers within our district courts, repeatedly faced rejection when raising arguments on which others later prevailed. Neither counsel nor Defendant is to blame for this state of affairs, and faulting either the unhurried pace or formalities of the law is of no practical assistance. That said, this Court is now the second to express regret for Defendant's position. Perhaps that itself is an extraordinary circumstance, albeit not grounds for relief. However, this matter's convoluted path in the courts has not ended, as Defendant may still seek certification from the Court of Appeals to seek additional relief in this Court.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 2-191 |
| v. | ) |
| FRANK CHRISTIAN | |

**ORDER**

AND NOW, this 13th day of April, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant will not be afforded Rule 60 relief. As regards his Amended Section 2255 Motion pursuant to Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015), however, that Motion will be denied, without prejudice, pending appropriate certification from our Court of Appeals.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

# APPENDIX

| | |
|---|---|
| United States v. Dorsey, 174 F. 3d 331 (3d Cir. 1999). | April 6, 1999 |
| Defendant is sentenced. | August 5, 2003 |
| Defendant files a pro se 2255 Motion. | March 6, 2008 |
| Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). | April 16, 2008 |
| Judge Lancaster rejects similar argument based on Begay. United States v. Dates, No. 6-83, 2008 U.S. Dist. LEXIS 50267 (W.D. Pa. 2008). | June 24, 2008 |
| This Court rejects similar argument based on Begay. United States v. Johnson, W.D.Pa. CR No. 8-82. | August 22, 2008 |
| E.D. Pa. rejects similar argument based on Begay. United States v. Brice, No. 6-685, 2008 U.S. Dist. LEXIS 95020 (E.D. Pa. Nov. 20, 2008). | November 20, 2008 |
| United States Court of Appeals for Third Circuit continues to apply Dorsey. E.g., United States v. Wolfe, 301 F. App'x 134 (3d Cir. 2008) (nonprecedential). | December 9, 2008 |
| Counsel withdraws Defendant's 2008 pro se Motion; Section 2255(h) time period to raise Begay expires.<br><br>E.D.Pa. again rejects similar argument based on Begay. United States v. Jones, No. 7-614, 2009 U.S. Dist. LEXIS 32402 (E.D. Pa. Apr. 16, 2009). | April 16, 2009 |
| Dorsey is overturned. United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009). | November 18, 2009 |
| Court of Appeals affirms Defendant's sentence, and denies motion to remand for resentencing. | May 10, 2012 |
| Defendant files counseled Section 2255 petition raising ineffective assistance re: Begay and Johnson. | December 6, 2012 |
| Defendant files pro se Motion for Reconsideration raising ineffective assistance re: Begay and Johnson. | April 7, 2013 |
| Defendant files counseled supplemental Section 2255 Motion raising ineffective | August 7, 2013 |

| | |
|---|---|
| assistance in withdrawal of 2008 pro se Motion. | |
| Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson (U.S.)"). | June 26, 2015 |
| Defendant files Amended Motion to Vacate to add claim under Johnson (U.S.). | June 25, 2016 |